IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BONNIE VON DELL and JOHN VON DELL,

    Plaintiffs,

v().      Civ. No. 11-786-SLR

BOEING COMPANY, et al.,

    Defendants.

## MEMORANDUM ORDER

At Wilmington this 29th day of November, 2011, having reviewed the report and recommendation of Special Master Vincent J. Poppiti and the objections made thereto;

IT IS ORDERED that the report and recommendation (D.I. 23) is adopted, the objections made by defendant Boeing Company ("Boeing") (D.I. 25) rejected, and plaintiffs' emergency motion to remand (D.I. 6) is granted, for the reasons that follow:

1. Plaintiffs filed the above captioned asbestos case on September 16, 2010 in the Delaware Superior Court, alleging that plaintiff Bonnie Von Dell "experienced occupational exposure to asbestos while working as a wire harness assembler from 1978 to 1992 at Rohr Industries Aerospace Plant in Auburn, Washington." (D.I. 7, Ex. A) Defendant Boeing removed the case on September 7, 2011 pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). On September 15, 2011, the United States Judicial Panel on Multidistrict Litigation entered an order conditionally transferring this case to MDL-875 in the Eastern District of Pennsylvania. (D.I. 7)

Plaintiffs filed the instant motion to remand on September 20, 2011.

2. Pursuant to 28 U.S.C. § 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." "Other paper" includes "various discovery documents such as deposition transcripts . . . ." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3731 at 539-540 (West 2009). Federal courts interpret § 1446(b) to be "in keeping with its intended purpose of assuring that a defendant has an opportunity to assert the Congressionally bestowed right to remove upon receiving notice that the right exists in a particular case." *Id.* at 526-36.

3. In the context of this case, where the claim is for injury and damages caused by the occupational exposure to asbestos and the defendant is relying on 28 U.S.C. § 1442(a) as the basis for federal jurisdiction,[1] defendant has no basis for removal "[u]ntil the military products [are] specifically identified." *In re Asbestos Prods. Liab. Litig.*, Civ. No. 11-63520, 2011 WL 2039218, at *2 (E.D. Pa. May 25, 2011). The question at bar is when Boeing had sufficient notice of the military products to which plaintiff Bonnie Von Dell was exposed to start the thirty-day clock ticking for federal officer removal.

4. I conclude that the May 24, 2011 deposition testimony of Mark Sargent provided such notice or, at the very least, provided no less notice than the August 9,

---

[1] Under § 1442, federal officers and their agents may remove cases based on acts performed under color of their federal office if they assert a colorable federal defense.

2

2011 correspondence upon which Boeing relies. In short, both the Sargent deposition and the August 9, 2011 correspondence identified a single military aircraft (the "707AWACS") as having been assembled at the Rohr Industries Aerospace Plant, where plaintiff worked. The Sargent deposition went on to describe the electrical wire harness department at the Rohr Plant; that the workers in the department made wire harnesses for various engines, including the 707AWACS; that everyone in the department did the same job and that all wire harnesses were assembled in the same space by each and all of the wire harness assemblers. Plaintiff Bonnie Von Dell worked in the wire harness department at the Rohr Plant.

5. Although the record did not contain, as of May 24, 2011, any direct evidence the plaintiff Bonnie Von Dell was exposed to the wire harnesses of the Boeing 707AWACS, neither did it include such evidence as of August 9, 2011. Therefore, as suggested by both Special Master Poppiti and plaintiffs, Boeing either had no right to remove at all or, if it did have the right to remove, it had all the available information about the 707AWACS at the Rohr Plant as of the Sargent deposition.

                                                _____
                                                United States District Judge